**FAIRMONT FOODS COMPANY,**
Respondent,

v.

**STATE MILK BOARD et al., and Kansas City, Missouri, Appellants.**

No. 30035.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Aaron A. Wilson, City Atty., Rex G. Bostwick, Asst. City Atty., Kansas City, for appellants.

John J. Kitchin, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Direct appeal from summary judgment upon petition for damages for double payment of milk license fees. Affirmed.

This case was tried upon a stipulation of the facts. Review is made pursuant to Rule 73.01 upon both the facts and the law. Those facts pertinent to disposition of this appeal are presented.

Appellant, City of Kansas City, Missouri, hereinafter referred to as the City, is a charter municipality, and pursuant to its ordinances, had authority, prior to August 1, 1973, to license milk producers and processors.

Appellant, State Milk Board, hereinafter referred to as the Board, was created by legislation effective August 13, 1972.

Respondent is a milk producer and processor within the corporate limits of the City.

The City, prior to August 1, 1973, was authorized to conduct its own milk inspection and to issue permits for operation. Authority for this inspection and permit program was the Fluid Milk and Fluid Milk Products Law of 1963. The City adopted its local ordinance, Kansas City, Missouri Rev. Ordinances Ch. 15, § 15.104(a) and § 15.104(b) (1967) [hereinafter referred to as Ordinance § 15.104(a) and Ordinance § 15.104(b)]. These sections are set forth verbatim for reasons which become clear in the remainder of this opinion.

"Sec. 15.104. Permit fees and permits.

(a) Each applicant for a permit under this article shall pay the appropriate initial permit fees at the time the permit is applied for, and shall pay annual permit renewal fees at the beginning of each additional year. The fees paid shall be based on the following schedule:

INITIAL PERMIT FEES

| | |
|---|---:|
| Milk plant | $100.00 |
| Distributor of milk and milk products (operating independently of a milk plant) | 25.00 |
| Receiving station | 50.00 |
| Transfer station | 25.00 |
| Milk producer | 10.00 |
| Milk hauler | 5.00 |
| Milk hauler truck – Permit required, but no fee— | |

ANNUAL PERMIT RENEWAL FEES

| | |
|---|---:|
| Distributor of milk and milk products (from plants under routine inspection of the Kansas City, Missouri Health Department and operating independently of a milk plant | 10.00 |
| Receiving station | 25.00 |
| Transfer station | 10.00 |
| Milk producer | 5.00 |
| Milk hauler | 3.00 |
| Milk hauler truck—Permit required, but no fee— | |

(b) Annual permit renewal fee for each milk plant under direct inspection of the Kansas City, Missouri, health department shall be two cents ($.02) per one hundred (100) pounds of milk handled, and shall be paid for all milk and milk products directly processed by said plant or indirectly processed through other plants. The basis of the fee for such processing shall be the monthly reports sent to the office of the milk market administrator, and shall be based on the previous year's volume."

The length of time of such permits was one year coinciding with the fiscal year of the City, from May 1 to April 30, of the following calendar year.

Respondent paid the initial $100.00 fee for the year May 1, 1972 to April 30, 1973, and then on May 1, 1973, respondent paid the City the sum of $25,968.23 in conformity with Ordinance § 15.104(b). This payment was for the renewal of respondent's license from May 1, 1973, to April 30, 1974.

The enactment of the new Fluid Milk and Fluid Milk Products Act, effective August 13, 1972, § 196.931 to § 196.959, RSMo Supp. 1975, removed inspection and the authority

to issue licenses and permits from local political subdivisions and vested that authority in the Board. Action by the Board to supercede the local permit and fee program did not take place until July, 1973.

On July 16, 1973, respondent received notice from the Board that effective August 1, 1973, respondent would have to pay a fee, calculated upon $.02 per one hundred pounds of product, to the Board. Respondent remitted to the Board the sum of $25,685.03 in compliance with the Board's order.

Appellant Board and appellant City entered into a contract where the City was to act as agent for the Board regarding inspections and collection of fees and issuance of permits. The effective date of this contract was August 1, 1973.

Respondent learned of this contract and made demand for the return of $19,489.65, which represented the pro rata sum from August 1, 1973 to April 30, 1974. Respondent's claim was predicated on the premise that a double fee had been collected for this period. There is no dispute as to the remainder of the amount paid as it represents the time from May 1, 1973 to August 1, 1973.

When respondent's demands were refused, this action was brought against the City and the Board. Judgment was entered and on this appeal, two points are presented.

Appellants contend the trial court erred in granting summary judgment because Ordinance § 15.104(b) operates retrospectively to reimburse the appellants for milk inspection for the previous fiscal year. Appellants also contend the trial court erred in granting summary judgment on appellant's counterclaim because Ordinance § 15.104(b) said fee was recoverable.

The points raised are herein taken up together.

The entirety of this appeal rests upon the interpretation to be given Ordinance § 15.-104(b). If such interpretation concludes the ordinance is prospective, then respondent is entitled to the judgment entered by the trial court, for respondent has been required to pay twice for the same inspection and permit to do business.

A full reading and interpretation of Ordinance § 15.104(b) leads to the conclusion that said renewal of the license is prospective. The ordinance in general and Ordinance § 15.104(b) in particular, refers to renewal. It is without doubt that such term contemplates and encompasses the ensuing or future months and not those months of the preceding fiscal year.

The fee for the renewal, while determined by application of the rate of $.02 per hundred pounds of product for the preceding twelve month period, merely affixes the amount of the renewal fees and does not impart any form or substance toward making Ordinance § 15.104(b) retrospective.

In this given situation, the City was aware of the change in the law and further contemplated consummation of the contract with the Board. The trial court was correct when it declared the City simply overcharged respondent.

To conclude otherwise would permit the city to collect a "windfall" and such was never expressed or implied by the enactment of § 196.931 to § 196.959 RSMo Supp. 1975, Ordinance § 15.104(b) or the terms of the contract between appellant City and appellant Board.

For the reasons set forth herein, the judgment of the trial court is in all respects affirmed with directions that all costs of this appeal be paid by appellants.

All concur.